PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. GETULIO ECHEANDÍA, Defendant and Appellant.

No. 2444. Argued May 28, 1925.—Decided July 20, 1925.

SLANDER—APPEAL—QUESTIONS ON PLEADINGS.—Questions on pleadings raised after arraignment are considered as waived and without citation of authorities or argument on the question of waiver the merits of the question will not be considered on appeal.

District Court of Aguadilla, Tomás Bryan, J. Judgment of conviction of slander. *Affirmed.*

*José L. R. Cancio* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was twice convicted of slander, first in the municipal court and later after a trial *de novo* in the dis-

trict court, upon a complaint charging him with having said in public that—

"Dr. González, while surgeon of the municipal hospital of this town, took an hour and a half to operate on the leg of a child; that Dr. Cancio would not have employed more than five minutes, and that Dr. González had killed that child by using old and rusty knives and forceps, and that this crime had been committed in San Sebastián Hospital during the Unionist administration."

When the case was called for trial in the district court, after the complaint had been read, defendant moved to strike the following words: "that Dr. Cancio would not have employed more than five minutes" and "that this crime was committed during the Unionist administration."

The court ordered the elimination of the words "during the Unionist administration" and declined to strike the phrase "that Dr. Cancio would not have employed more than five minutes."

Next the record recites that—

"The foregoing incident having been decided and disposed of, the accused filed another motion attacking the sufficiency of the complaint on which to try the case, contending that the complaint is tainted with duplicity; that the offense of slander has two aspects, and that the complaint should follow one aspect; that by referring indiscriminately to both aspects in the facts set up in the complaint the defendant was placed in a position of utter helplessness to develop his theory of defense."

From the ruling as made by the court below and from the argument in the brief for appellant, rather than from anything contained in the recital last above quoted, we gather that the purpose of this "motion" was to assail the latter portion of the complaint, which reads thus:

"That Getulio Echeandía Font uttered the said words in public and with the malicious intent of dishonoring, discrediting or injuring the complainant, who is a professional man who, up to that time, had enjoyed a good reputation in this community."

In the absence of any citation of authority worth men-

tioning and of any discussion whatsoever of the question of waiver (as to which see *People* v. *Pablo de Jesús, ante,* page 447), we are not disposed at this time to enter upon an independent investigation of the intrinsic merits, if any, of the more or less technical and doubtful points of pleading thus sought to be raised.

The other questions suggested by appellant go to the sufficiency of the evidence, or to the weighing thereof and alleged passion and prejudice in this connection; and it will suffice to say that, after a careful examination of the whole record, we find no sufficient ground for reversal.

The judgment appealed from must be affirmed.